UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAXLY FRANCOIS, on his own
behalf and others similarly situated,

    Plaintiff,

v.

LAND DESIGNS OF SOUTHERN FLORIDA, INC.
dba LAND DESIGNS BY STEVE,
a Florida profit corporation,
and STEPHEN GOODRIDGE, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, MAXLY FRANCOIS (hereinafter referred to as "Plaintiff"), was an employee of Defendants, LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE, a Florida profit corporation, and STEPHEN GOODRIDGE, individually, (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Plaintiff performed non-exempt work as a land scape designer and landscaper and related activities for Defendants throughout Palm Beach County and the surrounding counties.

3. Defendant, LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE, is a Florida profit corporation that owns, operates, and conducts business in Palm Beach County, and is within the jurisdiction of this Court.

4. Defendant, LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE, is a corporation that employs non-exempt employees to perform complete landscape services for both residential and commercial properties.

5. Plaintiff's position was non-exempt.

6. Defendants had more than 15 employees within the last three years preceding the filing of this action.

7. At all times material hereto, individual Defendant, STEPHEN GOODRIDGE, was and/or is an individual resident of the State of Florida who owns, manages, and/or operates LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE, and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE. By virtue of such control and authority, STEPHEN GOODRIDGE is an employer of Plaintiff as such term is defined by the FLSA.

8. Individual Defendant, STEPHEN GOODRIDGE, is Plaintiff's immediate supervisor at LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE.

9. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title

29 U.S.C. § 216(b). At all times pertinent to this Complaint LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. Based upon information and belief, the annual gross sales volume of LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE was in excess of $500,000.00 per annum.

12. Plaintiff was individually engaged in commerce during his employment with Defendants as a land designer and landscaper.

13. Defendants' employees performed various duties that engaged the employees in commerce.

14. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked in excess of forty (40) hours in a work-week on or after May 2009, but were not properly paid for all hours worked in excess of forty (40) during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

15. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40)

within a work week.

16. Defendants failed to pay Plaintiff time and one-half wages for all overtime hours worked. Specifically, Defendants paid Plaintiff straight time wages for hours work in excess of forty (40) within a work week. Defendants did not always credit Plaintiff for all hours worked.

17. As a result of Defendants' actions identified in paragraphs 15 and 16 above, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

18. Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during his employment with Defendants.

19. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

20. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

21. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and all other persons in the asserted class.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 21 above.

23. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

24. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiff (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

25. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

26. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

27. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, MAXLY FRANCOIS, and those similarly situated to him who have or will opt into this action, demand judgment, jointly and severally, against Defendants, LAND DESIGNS OF SOUTHERN FLORIDA, INC. dba LAND DESIGNS BY STEVE, and STEPHEN GOODRIDGE, individually, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they

have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

DATED this 10th day of May 2011  
Boynton Beach, Florida

Respectfully submitted,

Maguene D. Cadet, Esq.  
Email: Maguene@DieudonneLaw.com  
Law Office of Dieudonne Cadet, P.A.  
2500 Quantum Lakes Drive, Suite 203  
Boynton Beach, Florida 33426  
Telephone: 561-853-2212  
Facsimile: 561-853-2213  
Counsel for all Plaintiff